[Cite as *Liverpool Twp. Police Dept., Photo Speed Div. v. Vos*, 2021-Ohio-1995.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

LIVERPOOL TOWNSHIP POLICE DEPT. PHOTO SPEED DIVISION,

Plaintiff-Appellee,

v.

DONALD VOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CO 0029**

---

Criminal Appeal from the
East Liverpool Municipal Court of Columbiana County, Ohio
Case No. 2020 TRCAM 9

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Donald L. Vos*, *Pro se*, 39916 Hazel Run Road, Hammondsville, Ohio 43930, for Defendant-Appellant.

Dated:  June 10, 2021

_____

**WAITE, J.**

{¶1}  Appellant Donald L. Vos has attempted to appeal an October 5, 2020 East Liverpool Municipal Court judgment entry convicting him of a traffic violation.  Appellant argues that Appellee "Village of Liverpool Township Photo Speed Division" violated several provisions of the Ohio Revised Code and that these alleged violations nullify his conviction.  For the reasons that follow, Appellant's appeal is dismissed.

{¶2}  Appellant's purported notice of appeal and appellate brief contain several fatal violations of the appellate rules.  First, Appellant named the "East Liverpool Township Photo Speed Division" as the party appellee in his first notice of appeal.  In his second notice of appeal, he amended the caption to name the "Village of Liverpool Township Photo Speed Division" as Appellee.  It is abundantly clear from the trial court's judgment entry that the correct party is "Liverpool Township Police Department, Photo Speed Division."  The entity named by Appellant, "Village of Liverpool," does not exist.  As such, Appellant failed to name the proper party as Appellee in violation of App.R. 3(D).

{¶3}  Second, Appellant failed to file this appeal in the original trial court.  Pursuant to App.R. 3(A),  "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."  Here, the case originated in the East Liverpool Municipal Court, thus the appeal was required to be filed with the clerk of that court.  However, Appellant filed his notice of appeal with the clerk of Columbiana County Common Pleas Court.  The file stamp on the notice clearly names the wrong court.  Consequently, this Court has not received the trial court documents that would allow for a review of the case.

{¶4}  Third, Appellant has failed to properly serve Appellee, no matter the nomenclature, with a notice of appeal and appellate brief.  Pursuant to App.R. 13(C),

**(C)  Manner of service.**  A document is served under this rule by:

(1)  handing it to the person;

(2)  leaving it:

(a)  at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(b)  if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(3)  mailing it to the person's last known address by United States mail, in which event service is complete upon mailing;

(4)  delivering it to a commercial carrier service for delivery to the person's last known address within three calendar days, in which event service is complete upon delivery to the carrier;

(5)  leaving it with the clerk of court if the person has no known address; or

(6)  sending it by electronic means to the most recent facsimile number or e-mail address listed by the intended recipient on a prior court filing (including a filing in the lower court) in which event service is complete upon

transmission, but is not effective if the serving party learns that it did not reach the person served.

**{¶5}** On October 29, 2020, Appellant filed a purported notice of appeal. His certificate of service states that he "hand delivered to East Liver (sic) Municipal Court for East Liverpool Township and one hand delivered to Law Enforcement of the East Liverpool Township Police Department for their Attorney." Service cannot be effectuated by delivering a notice of appeal and appellate brief to the trial court unless the opposing party's address is unavailable. This is clearly not the case, here. It is Appellant's duty, not the trial court's, to serve Appellee. Similarly, simply leaving a notice of appeal at the police station is not proper service, particularly where Appellant does not specify who he left the document with, or if left it at the building, where he left it. Appellant took the same erroneous actions in his attempt to serve his appellate brief.

**{¶6}** The appropriate Appellee in this appeal has not filed a response brief, likely due to the lack of notice. It is questionable whether the correct party has knowledge that this "appeal" even exists. Based on Appellant's many fatal errors, no appeal has been properly filed and Appellant's current attempt at appeal is hereby dismissed.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's appeal is hereby dismissed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**